J.S07043-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| JOHN ASHBEY GASS, | : | |
| | : | |
| Appellant | : | No. 293 MDA 2015 |

Appeal from the PCRA Order January 20, 2015
in the Court of Common Pleas of Lackawanna County Criminal Division
at No(s): CP-35-CR-0001830-2010

BEFORE: BOWES, OTT, and FITZGERALD,[*] JJ.

MEMORANDUM BY FITZGERALD, J.:　　　　　**FILED FEBRUARY 12, 2016**

Appellant, John Ashbey Gass, appeals *pro se* from the order of the Lackawanna County Court of Common Pleas denying his first Post Conviction Relief Act[1] ("PCRA") petition without a hearing. Appellant claims his prior counsel was ineffective and his sentence is unconstitutional in light of *Alleyne v. United States*, 133 S. Ct. 2151 (2013). We affirm.

This Court previously summarized the facts leading to Appellant's conviction.

> On March 19, 2010, a confidential informant ("CI") appeared at the Scranton Police Department and told police that he was acquainted with an individual he knew as "Smoke," from whom he could purchase heroin. In the

---

[*] Former Justice specially assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541-9546.

presence of Officer Justin Butler, CI placed a call to "Smoke" and the two agreed to meet at a convenience store in Scranton so CI could purchase heroin. The police provided CI with $100 in "buy money" for use in the transaction and performed a thorough search of CI's person to ensure he possessed no contraband prior to the controlled buy. CI also informed Officer Butler that "Smoke" was a short black male who would be driving a small silver pickup truck-type vehicle.

Officer Butler drove CI to the prearranged location and CI exited Officer Butler's vehicle to wait for "Smoke" to arrive. Detective David Mitchell was also situated in a black SUV in the convenience store parking lot taking surveillance photos. CI subsequently returned to Officer Butler's vehicle and informed him that "Smoke" had changed the buy location to a nearby Wendy's restaurant. The two drove to the restaurant; the CI exited Officer Butler's vehicle and entered a silver Subaru Baja, which is a small pickup-type truck, driven by "Smoke." Upon returning to Officer Butler's vehicle, the CI handed him unsealed glassine packets that subsequently tested positive for heroin [weighing "21 hundredths of a gram" N.T., 10/24/11, at 125-126.]

While taking photos in the convenience store parking lot, Detective Mitchell had obtained the tag number of the Subaru Baja driven by "Smoke." A subsequent records search showed that the vehicle had been pulled over by Officer Jeffrey Luntz of the Pocono Mountain Regional Police that same day while being driven by [Appellant.] Police then used [Appellant's] name and date of birth to obtain two photographs of him, which were subsequently shown to CI in an attempt to confirm the connection between the nickname "Smoke" and [Appellant]. CI did, in fact, identify the individual in the photos as the person he knew as "Smoke." Officer Butler also recognized the individual in the photos as the person who had sold heroin to CI.

**Commonwealth v. Gass**, 349 MDA 2012 (unpublished mem. at 1-3) (Pa.

Super. Jan. 25, 2013).

Appellant was initially charged with one count of possessing a controlled substance with intent to deliver ("PWID") heroin,[2] and with Dominic J. Mastri, Esq. ("trial counsel") as his counsel, entered a guilty plea in April 2011. However, Appellant filed a motion to withdraw his plea, and the court, following a hearing in August 2011, held Appellant's motion in abeyance and scheduled trial for October 2011. The Commonwealth amended the information to add one count of criminal use of a communication facility.[3] Appellant filed pretrial motions, which the trial court denied.

On October 24, 2011, the trial court entered an order withdrawing Appellant's guilty plea. That same day, the matter proceeded to trial, and a jury found Appellant guilty of both charges. On November 4, 2011, the Commonwealth filed a sentencing memorandum seeking consecutive sentences in the aggravated range of the Sentencing Guidelines. Commonwealth's Sentencing Mem., 11/4/11, at 1. The Commonwealth did **not** refer to a mandatory minimum sentence in its memorandum or file a separate notice of its intent to seek a mandatory sentence. On November 10, 2011,[4] the trial court sentenced Appellant to three to six years'

---

[2] 35 P.S. § 780-113(a)(30).

[3] 18 Pa.C.S. § 7512(a).

[4] The docket reflects that Appellant was sentenced on November 10, 2011. The face sheet of the sentencing transcript indicates the hearing took place

imprisonment for PWID and a concurrent one to two years' imprisonment for criminal use of a communication facility.

This Court affirmed the judgment of sentence on January 25, 2013. *See Gass*, 349 MDA 2012, at 20. Appellant did not file a petition for allowance of appeal in the Pennsylvania Supreme Court. Trial counsel represented Appellant through his direct appeal.

On March 28, 2013, Appellant filed the *pro se* PCRA petition giving rise to this appeal.[5] The PCRA court appointed counsel, Kurt Lynott, Esq. ("PCRA counsel"). PCRA counsel did not amend Appellant's *pro se* petition, but appeared at a conference on February 3, 2014.[6] PCRA counsel stated that "rather than do a formal amended petition," he intended to frame Appellant's issues "on the record," orally. N.T., 2/3/14, at 8. PCRA counsel recited the following claims. Trial counsel was ineffective for failing to (1) impeach police officers at trial, (2) ask questions from a list Appellant provided him, (3) obtain independent photographs of the crime scene, (4) file a petition for allowance of appeal in Appellant's direct appeal, and (5)

---

on November 11th. We refer to the November 10th date in the text of this memorandum, but cite to date of sentencing transcript as indicated on the face sheet.

[5] The record only contains the first page of the standard form *pro se* PCRA petition.

[6] Appellant, who was incarcerated at the time, participated by video teleconferencing.

challenge the removal of a juror "more aggressively at the time of trial." *Id.* at 8-11. PCRA counsel also represented that Appellant intended to challenge the "legality of the sentence" because it exceeded the aggravated range minimum sentence called for by the Sentencing Guidelines. *Id.* at 11. Appellant made one correction to counsel's recitation of his issues to include his claim that trial counsel should have also impeached the CI at trial, but did not assert additional claims. *Id.* at 12. The parties did not present evidence at the conference, and a new hearing date was scheduled "for March." *Id.* at 22.

The docket indicates PCRA counsel thereafter filed a "motion to withdraw as counsel" on June 26, 2014, but the record does not contain the motion or a *Turner*/*Finley*[7] "no-merit" letter. *See* Docket, CP-35-CR-0001830-2010, 4/21/15, at 14. The docket also indicates the PCRA court, on July 1, 2014, issued a Pa.R.Crim.P. 907(1) notice of intent to dismiss Appellant's petition. However, the court's Rule 907 notice is not in the record, and the docket does not contain a notation describing the methods or parties included in the notice. *See id.*

On September 4, 2014, the PCRA court received Appellant's *pro se* letter and a motion for appointment of counsel, both dated August 23, 2014. Appellant averred he attempted to correspond with the court between July 1

---

[7] *See Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988); *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

and August 13, 2014. In his motion, he claimed PCRA counsel "failed to file motions on [his behalf,] claiming the issues had no merit." Appellant's Mot. for Appointment of Counsel, 9/4/14, at 1. Appellant also stated he prepared a *pro se* motion for writ of *habeas corpus* based on the "many issues that have merit and that [PCRA counsel] failed to file." **Id.** The record does not contain Appellant's alleged correspondence to the court from July 1 and August 13, 2014, or the purported motion for writ of *habeas corpus*. The court denied Appellant's motion for appointment of counsel on September 4, 2014. **See** Docket at 14.

The PCRA court, on January 20, 2015, entered the instant order denying Appellant's petition and granting PCRA counsel leave to withdraw. The court attached to its order a memorandum opinion that it agreed with PCRA counsel's assessment that all claims were previously litigated. **See** PCRA Ct. Op., 1/20/15, at 4-5. The court alternatively concluded three of Appellant's claims of ineffectiveness—those related to trial counsel's failures to ask the Appellant's questions, impeach the trial witnesses, and obtain photographs of the scene—were meritless. **Id.** at 7. The court reasoned Appellant's petition failed to establish "the alternative[s] not chosen offered a potential for success greater than the course actually pursued." **Id.** Appellant took this timely appeal.[8]

---

[8] The PCRA court did not order the filing of a Pa.R.A.P. 1925(b) statement.

Appellant presents the following questions for review in his *pro se* brief:

> DID DEFENSE COUNSEL AS WELL AS COURT-APPOINTED PCRA COUNSEL PROVIDE INEFFECTIVE ASSISTANCE?
>
> WERE APPELLANT'S CONSTITUTIONAL RIGHTS UNDER THE U.S. CONST., SIXTH AMENDMENT, AND PA. CONST., ARTICLE 1,9 VIOLATED WHEN THE DISTRICT MAGISTRATE BOUND OVER APPELLANT'S CASE TO THE TRIAL COURT AS THE RESULT OF THE DISTRICT ATTORNEY INTRODUCING HEARSAY EVIDENCE IN ORDER TO ESTABLISH A PRIMA FACIE CASE, DEPRIVING APPELLANT THE RIGHT TO CONFRONT AND CROSS–EXAMINE A KEY WITNESS?
>
> DID APPELLANT RECEIVE AN ILLEGAL SENTENCE BASED ON THE UNITED STATES SUPREME COURT'S DECISION IN [***Alleyne***]?

Appellant's Brief at 4.

We summarize Appellant's arguments as follows. Appellant raises two claims of error at his preliminary hearing and sentencing, as well as numerous challenges to his counsels' performance at the preliminary hearing, trial, sentencing, and the underlying PCRA proceeding.[9]

As to the preliminary hearing, Appellant asserts the testifying officer "never personally saw a drug transaction take place between this Appellant and the 'C.I.' but he (Officer) knew that a transaction did occur. [T]he 'C.I.' was not present at the Preliminary Hearing, therefore, the Officer's testimony in regards to this specific transaction was based on hearsay

---

[9] Appellant has abandoned his claim that trial counsel was ineffective for failing to file a petition for allowance of appeal in his direct appeal.

evidence." *Id.* at 11 (punctuation altered). Appellant claims trial counsel's failure to challenge the absence of the CI violated his right to confrontation and waived his right to challenge the use of hearsay evidence to establish that a drug transaction occurred. *Id.* at 11-12. He further raises a claim of direct error asserting the hearsay evidence was insufficient to sustain the finding of a *prima facie* case. *Id.* at 19.

As to trial, Appellant claims trial counsel was "grossly ineffective for failing to uncover inconsistent statement made by both the CI" and Officer Butler. *Id.* at 13. Further, trial counsel was ineffective for "failing to obtain photos of the alleged scene of the 'controlled buy[,]'" and "failing to introduce evidence in the form of a diagram . . . to show the jury . . . Appellant's car was not parked in the manner testified to" by the Commonwealth's witnesses. *Id.* at 14-15. Therefore, trial counsel was constitutionally deficient for failing to "call[ ] into question the credibility of both the C.I. as well as that of the testifying officers" and use "photographic evidence" to establish witnesses "made knowingly false statements under oath during trial." *Id.* at 13.

As to his sentence, Appellant avers the trial court applied a mandatory minimum sentence based on the weight of the heroin sold to the CI. *Id.* at 16; *see also* 18 Pa.C.S. § 7508 ("Drug trafficking sentencing and penalties"). He argues trial counsel should have been aware of the alleged imposition of a mandatory sentence, "even though the Commonwealth never

informed the defense that it was seeking a mandatory minimum sentence[,]" and the trial court "never informed . . . [him it] was imposing a mandatory minimum sentence[, and he was] misled to believe that the sentence he received was due to his prior record score." Appellant's Brief at 16. Section 7508, he notes, has been declared unconstitutional in light of **Alleyne** and he is thus entitled to relief. **Id.** at 21; **see also Commonwealth v. Thompson**, 93 A.3d 478, 494 (Pa. Super. 2014). Alternatively, he contends "the [trial c]ourt abused its discretion" by sentencing outside the sentencing guidelines based on his prior record. Appellant's Brief at 19.

Lastly, as to the underlying PCRA proceeding, Appellant asserts PCRA counsel was ineffective because he "failed to raise and argue" the issues set forth above. **Id.** at 18. He disparages PCRA counsel's performance by referring to an alleged policy of appointing "torpedo" counsel. **Id.**

The Commonwealth suggests only one of Appellant's issues were "previously litigated[.]" Commonwealth's Brief at 5. However, it contends the PCRA court properly denied Appellant's claim that trial counsel was ineffective for obtaining photographs of the crime scene. **Id.** at 6. As to Appellant's remaining issues, the Commonwealth responds they were not raised at the February 3, 2014 conference or in a timely response to the PCRA court's Pa.R.Crim.P. 907 notice and are thus waived. **Id.** at 5. The Commonwealth separately addresses Appellant's preliminary hearing and

sentencing claims and argues, in the alternative, that they are waived on different grounds and/or meritless. *Id.* at 8-13.

For the reasons that follow, we decline to find Appellant's issues waived based on his failure to preserve them in the PCRA court. Nevertheless, our review of Appellant's arguments and the record compels the conclusion that Appellant has not carried his burden of establishing his right to appellate relief.

At the outset, it is well-settled issues not raised in the PCRA court may not be raised for the first time on appeal or *sua sponte* by this Court.[10] ***Commonwealth v. Pitts***, 981 A.2d 875, 879 & n.3 (Pa. 2009). Nevertheless, the state of the record transmitted to this Court bears further comment. The record does not contain complete copies of Appellant's *pro se* petition, PCRA counsel's June 26, 2014 motion to withdraw and/or no-merit letter, or the PCRA court's Pa.R.Crim.P. 907 notice. The docket also does not indicate when and to whom the court's Rule 907 notice was distributed. Appellant concedes in his brief to this Court that he "elected not to respond to" the court's Rule 907 notice. Appellant's Brief at 7. However, Appellant's *pro se* letter to the court and his *pro se* motion for appointment of counsel,

---

[10] One exception to this rule is that "[t]he denial of PCRA relief cannot stand unless the petitioner was afforded the assistance of counsel" in a first PCRA petition. ***Commonwealth v. Albrecht***, 720 A.2d 693, 699 (Pa. 1998) (citation omitted).

both dated August 23, 2014, suggest otherwise.[11]   Further, despite Appellant's request to have docketed and filed his alleged communications to the court following the issuance of the Rule 907 notice, there is no indication the court received Appellant's correspondence or attempted to comply with the request.  Appellant's other purported *pro se* filings, including his alleged motion for writ of *habeas corpus* addressing issues not raised by counsel were not referenced by the court.  Under these circumstances, and in an abundance of caution, we decline to find waiver based on the failure to present the issues raised in the brief in the PCRA court.

The standards for reviewing the denial of PCRA relief are well settled.

> In conducting review of a PCRA matter, we consider the record "in the light most favorable to the prevailing party at the PCRA level."  Our review is limited to the evidence of record and the factual findings of the PCRA court.  This Court will afford "great deference to the factual findings of the PCRA court and will not disturb those findings unless they have no support in the record."  Thus, when a PCRA court's ruling is free of legal error and is supported by record evidence, we will not disturb its decision.  Of course, if the issue pertains to a question of law, "our standard of review is *de novo* and our scope of review is plenary."

***Commonwealth v. Stultz***, 114 A.3d 865, 872 (Pa. Super.) (citations omitted), *appeal denied*, 2015 WL 5749418 (Pa. Sept. 30, 2015).  We may affirm the PCRA court's rulings on any basis apparent on the record.

---

[11] Appellant, for example, stated, "I write because I have received a copy of my docket sheet that was printed on 08/19/14.  . . . I see the 'notice of intention to dismiss PCRA' was signed on 07/01/14."  Letter from Appellant to Clerk of Judicial Resources, 8/23/14.

*Commonwealth v. Wiley*, 966 A.2d 1153, 1157 (Pa. Super. 2009) (citation omitted).

"The PCRA, however, procedurally bars claims of trial court error, by requiring a petitioner to show the allegation of error is not previously litigated or waived. 42 Pa.C.S. . . . §§ 9543(a)(3), 9544." ***Commonwealth v. Reyes-Rodriguez***, 111 A.3d 775, 780 (Pa Super.) (*en banc*), *appeal denied*, 123 A.3d 331 (Pa. 2015). "Trial court error may constitute the arguable merit prong of an IAC claim, but the issue must be framed properly for a petitioner to be entitled to relief." ***Id.*** (citation omitted).

> "To plead and prove ineffective assistance of counsel a petitioner must establish: (1) that the underlying issue has arguable merit; (2) counsel's actions lacked an objective reasonable basis; and (3) actual prejudice resulted from counsel's act or failure to act." The failure to meet any of these aspects of the ineffectiveness test results in the claim failing.

***Stultz***, 114 A.3d at 880 (citation omitted).

"As in all matters on appeal, the appellant bears the burden of persuasion to demonstrate his entitlement to the relief he requests." ***Ruthrauff, Inc. v. Ravin, Inc.***, 914 A.2d 880, 893 (Pa. Super. 2005) (citation omitted).

> Although the courts may liberally construe materials filed by a *pro se* litigant, *pro se* status confers no special benefit upon a litigant, and a court cannot be expected to become a litigant's counsel or find more in a written *pro se* submission than is fairly conveyed in the pleading.

***Commonwealth v. Blakeney***, 108 A.3d 739, 766 (Pa. 2014), *cert. denied*,

135 S. Ct. 2817 (2015).

> [t]he Rules of Appellate Procedure set forth the fundamental requirements every appellate brief must meet. . . .
>
> The briefing requirements scrupulously delineated in our appellate rules are not mere trifling matters of stylistic preference; rather, they represent a studied determination by our Court and its rules committee of the most efficacious manner by which appellate review may be conducted so that a litigant's right to judicial review . . . may be properly exercised. Thus, we reiterate that compliance with these rules by appellate advocates . . . is mandatory.

***Commonwealth v. Perez***, 93 A.3d 829, 837-38 (Pa. 2014) (citation

omitted), *cert. denied*, 135 S Ct. 480 (2014).

As to Appellant's claims regarding the preliminary hearing, we

reiterate that assertions of trial court error are procedurally barred by the

PCRA.  ***See Reyes-Rodriguez***, 111 A.3d at 780.  Thus, Appellant's direct

claim of error in the preliminary hearing is waived under the PCRA.

Claims of ineffective assistance of counsel at a preliminary hearing are

cognizable under the PCRA.  ***See Stultz***, 114 A.3d at 882.  However, the

prejudice that must be shown is whether the alleged ineffectiveness

"undermined the truth-determining process that no reliable adjudication of

**guilt or innocence** could have taken place[,]" ***see*** 42 Pa.C.S. §

9543(a)(2)(ii) (emphasis added), and not whether the outcome of the

preliminary hearing would be different.  ***See Stultz***, 114 A.3d at 882 (noting

"It would be incongruous to make the prejudice analysis for purposes of PCRA review less stringent than that during direct review"); **accord Commonwealth v. Sanchez**, 82 A.3d 943, 984 (Pa. 2013) (reiterating "once a defendant has gone to trial and has been found guilty of the crime or crimes charged, any defect in the preliminary hearing is rendered immaterial").

Instantly, Appellant's argument focuses on the outcome of the preliminary hearing.[12]  **See** Appellant's Brief at 14.  He fails to assert trial counsel's omissions at the preliminary hearing "undermined the truth-determining process" such "that no reliable adjudication of guilt or innocence could have taken place."  **See** 42 Pa.C.S. § 9543(a)(2)(iii); **Sanchez**, 82 A.3d at 984; **Stultz**, 114 A.3d at 882.  That the CI testified at trial and was available for cross-examination further belie a claim of prejudice for the purposes of the PCRA.  **See** N.T., 10/24/11, at 57-76.  Thus, Appellant's claims based on the preliminary hearing warrant no relief.

As to the claims of ineffectiveness at trial, Appellant merely asserts that the CI and Officer Butler testified inconsistently at trial and that diagrams and photographs would have established the witnesses' false testimony.  However, he fails to include any specific reference to the record. Such boilerplate arguments would require this Court to act as Appellant's

---

[12] We further note Appellant did not include a copy of the preliminary hearing transcript in the record.

counsel by scouring the transcript, speculating on the basis of this claim, and framing an appropriate legal argument. Thus, these issues are waived for appellate purposes. *See Blakeney*, 108 A.3d at 766; *Perez*, 93 A.3d at 837-38.

In any event, Appellant's arguments appear to focus on the inability of the surveilling officers to observe the transaction between him and the CI and the reliability of their identifications of Appellant as "Smoke." However, in addition to the circumstantial evidence linking Appellant to the vehicle driven to the controlled purchase, two officers, Officer Butler and Detective David Mitchell, testified they observed Appellant during and after the controlled buy and identified him at trial. N.T., 10/24/11, at 85, 106, 108. Officer Butler testified he searched the CI before the meeting with Appellant to ensure the CI did not have contraband and the CI returned from the meetings with Appellant with a substance later proved to be heroin. *Id.* at 105-08. Accordingly, Appellant cannot establish prejudice attendant trial counsel's alleged omissions at trial, and this issue warrants no relief.

As to Appellant's sentencing issue, we note mandatory minimum statutes allowing a trial court to impose sentence based on facts found by a preponderance of the evidence were lawful at the time of Appellant's sentencing in 2011, but are now unconstitutional. *See Alleyne*, 133 S. Ct. at 2160; *Thompson*, 93 A.3d at 494. Further, 18 Pa.C.S. § 7508, which formerly mandated sentences based on, *inter alia*, the weight of the

substance sold, has been held unconstitutional in light of **Alleyne**. **See Thompson**, 93 A.3d at 494.

A detailed recitation of the constitutional principles in **Alleyne** and **Thompson** is unnecessary in the instant appeal as Appellant's contention he was sentenced to a mandatory minimum sentence is mere speculation and lacks any support in the record. First, the Commonwealth did not seek a mandatory minimum sentence. Second, the trial court imposed a minimum sentence of three years for PWID without reference to Section 7508. Rather, the court explained its imposition to exceed the sentencing guidelines as follows:

> [T]he reason for this sentence [is] that you do have a prior record score of five.
>
> You have three prior felony convictions for possession with intent to deliver.
>
> You have demonstrated that you are engaged in a business of selling controlled substances for a living between Luzerne County and New York State, and now Lackawanna County, that in the past, you have failed to successfully comply with probation or parole.
>
> I noted in your criminal history that there were multiple parole or probation violations that were lodged against you.
>
> The Court has taken all of these things into consideration in determining the sentence.

N.T., 11/11/11, at 13.[13]  Third, the 0.21 grams of heroin involved in this case would not have triggered the former mandatory minimum sentence in Section 7508.

Thus, the court did not apply a mandatory minimum sentence, but rather sentenced him under its discretionary authority.  Accordingly, Appellant's legality of sentence claim based on *Alleyne* is frivolous.

To the extent Appellant claims error in the court's sentence, Appellant previously challenged the discretionary aspects of his sentence in his direct appeal.  *See Gass*, 349 MDA 2012, at 17-20.  This Court concluded that "[t]he trial court clearly took into consideration the presentence report and the information offered in support of [Appellant] by his attorney, as well as [Appellant's] prior convictions, his habitual criminality and his refusal to accept responsibility for his crimes." *Id.* at 20.  Thus, we found no abuse of discretion in the sentence.  *Id.*  Accordingly, this claim of direct error is procedurally barred by the PCRA.  *See Reyes-Rodriguez*, 111 A.3d at 780.

Appellant lastly contends that PCRA counsel provided ineffective representation during the underlying PCRA proceeding.  We hesitate to consider this issue based on the incomplete record in this case and the precept that a PCRA petition is entitled to "meaningful representation." *Cf. Commonwealth v. Perez*, 799 A.2d 848, 852 (Pa. Super. 2002).  However, in light of *Pitts* and Appellant's failure to assert a potentially meritorious

---

[13] *See supra* n. 4.

issue in this appeal, we are constrained to conclude his derivative allegations of PCRA counsel's ineffectiveness warrant no further consideration by this Court. **See Pitts**, 981 A.2d 875, 879 & n.3

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/12/2016